IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL T. NEWELL, Guardian Ad Litem
of TOMMY SLAUGHTER,

      Plaintiff,

      vs.                                           No. CIV 97-0436 JC/LFG

LEA COUNTY BOARD OF COUNTY COMMISSIONERS,
FORREST BOSTICK, ADMINISTRATOR OF THE LEA
COUNTY JAIL, STATE OF NEW MEXICO
DEPARTMENT OF HEALTH, STATE OF NEW MEXICO
PUBLIC DEFENDER DEPARTMENT, GLEN WILLIAMSON,
NELSON SPEARS, and ALEX VALDEZ,

      Defendants.

**MEMORANDUM OPINION**

THIS MATTER came on for consideration of Defendants Lea County Board of County

Commissioners' and Forrest Bostick's Motion to Dismiss (Partial), filed September 11, 1997 (Docket

No. 30).  The Court has reviewed the motion, the memoranda submitted by the parties, and relevant

authorities, and finds that the motion is well taken and will be granted.

**I.  Background**

This lawsuit arises out of the confinement of Tommy Slaughter in the Lea County Detention

Center after he was arrested on seven felony counts on June 27, 1994.  Plaintiff's complaint alleges

that Defendants--Lea County Board of County Commissioners and Forrest Bostick, Administrator

of the Lea County Detention Center--violated Tommy Slaughter's constitutional rights both by the

fact of his confinement and by the conditions of his confinement.  These Defendants submit that they

are absolutely immune from suit for the confinement itself based on the principle of quasi-judicial immunity and move to dismiss this claim.

## II.  Legal Standard

Generally, motions to dismiss for failure to state a claim are viewed with disfavor and are therefore rarely granted.  5 WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (1990).  In ruling on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and take the allegations asserted in the complaint as true.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The district court should not grant a motion to dismiss for failure to state a claim unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Therefore, "the issue is not whether a plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A motion to dismiss is proper only if a plaintiff does not sufficiently plead a set of facts which would entitle him to relief. Smith v. Colorado Dep't of Corrections, 23 F.3d 339, 340 (10th Cir. 1994).

## III.  Discussion

Defendants assert that they are absolute immune from Plaintiff's 42 U.S.C. § 1983 claim for the confinement itself because they held Tommy Slaughter in accordance with a facially valid court order.  Plaintiff argues that these defendants are not immune because they did nothing to prevent

Tommy Slaughter from being harmed once he already was in the custody of the Lea County Detention Center.  Plaintiff does not challenge the facial validity of the order.

Quasi-judicial immunity applies to officials charged with the duty of executing a facially valid court order.  Turney v. O'Toole, 898 F.2d 1470, 1472 (10th Cir. 1990) (finding officials absolutely immune from liability for damages in suit challenging conduct prescribed by facially valid court order).  "We are not willing to put officials executing court orders in the position of having to choose between 'disregard[ing] the judge's orders and fac[ing] discharge, or worse yet criminal contempt, or . . . fulfill[ing] their duty and risk[ing] being haled into court.'"  Id. at 1474 (quoting Valdez v. City and County of Denver, 878 F.2d 1285, 1289 (10th Cir. 1989).  Because Plaintiff does not challenge that Tommy Slaughter was admitted to Lea County Detention Center pursuant to a facially valid court order, Plaintiff does not sufficiently plead a set of facts which would entitle him to relief and Lea County Board of County Commissioners and Forrest Bostick are absolutely immune from liability for that action.

An order in accordance with this opinion shall be entered.

DATED this 22nd day of December, 1997.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**