IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MICHAEL T. NEWELL, Guardian Ad Litem
of TOMMY SLAUGHTER,

      Plaintiff,

      vs.                                                                                                              No. CIV 97-0436 JC/LFG

LEA COUNTY BOARD OF COUNTY COMMISSIONERS,
FORREST BOSTICK, ADMINISTRATOR OF THE LEA
COUNTY JAIL, STATE OF NEW MEXICO DEPARTMENT
OF HEALTH, STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT, GLEN WILLIAMSON,
NELSON SPEARS, and ALEX VALDEZ,

      Defendants.


**MEMORANDUM OPINION AND ORDER**

      THIS MATTER came on for consideration of Defendants State of New Mexico Department of Health and Alex Valdez's ("Defendants") Motion for Summary Judgment, filed October 3, 1997 (Docket No. 34). The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities, and finds that the motion is well taken and will be granted.

**I. Background**

      This lawsuit arises out of the alleged physical abuse of Tommy Slaughter ("Slaughter") during his confinement in the Lea County Detention Center ("LCDC") after he was arrested on seven felony counts on June 27, 1994. Michael Newell, Guardian ad Litem, brings this suit on behalf of Slaughter. Plaintiff's complaint alleges that Defendants violated Slaughter's constitutional rights by failing to comply with the state district court's order directing Defendants to take custody of Slaughter.

Defendants submit that the district court's order was invalid and not final and, therefore, Slaughter did not have a constitutional right vested in that order. As such, Defendants claim they are entitled to qualified immunity from suit because they did not violate Plaintiff's clearly established constitutional rights.

As an initial matter, Plaintiff seeks damages from "an arm of the State"–New Mexico's Department of Health. The Eleventh Amendment precludes a federal court from taking jurisdiction over such a claim. See Whitney v. State, 113 F.3d 1997 (10th Cir. 1997) (upholding dismissal of § 1983 claim against New Mexico Department of Health on Eleventh Amendment grounds). Moreover, neither a State nor a state actor acting in his official capacity is a "person" subject to liability for monetary damages under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). For these reasons, the claims against the New Mexico Department of Health will be dismissed.

However, an official, such as Defendant Alex Valdez ("Valdez"), when sued in his "individual capacity" is not cloaked in the State's Eleventh Amendment protection from suit, and can be a "person" liable under § 1983 for deprivation of federal rights. Hafer v. Melo, 502 U.S. 21 (1991). Thus, "the Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983." Id. at 30.

Defendants first challenge the finality of the order. The last paragraph in the order reads:

> If the Secretary of Health wishes to present to the Court any concerns or issues regarding its inability to carry out the intent of the Court's Order, the Secretary shall notify the Court in writing within ten (10) days of the date of this Order so that the Court may set a hearing on those concerns.

In a letter dated June 3, 1996, and another dated June 7, 1996, general counsel for the Department requested a hearing to present the Department's concerns about the order to the state district judge. The judge was on vacation and did not receive the letters. On September 16, 1996, the judge held a hearing on its Order to Show Cause against Defendants. The court took Defendants' concerns under advisement, but released Slaughter to his sister's custody without ruling on the Order to Show Cause.

Defendants also dispute the validity of the order because the district judge purportedly did not make the proper findings required for a criminal commitment. Specifically, Defendants argue that the court did not make the requisite finding of dangerousness and did not limit Slaughter's custody to a "period not to exceed one year" as required by the statute. N.M.S.A. 1978, § 31-9-1.2.

## II. Discussion

Defendant Valdez asserts that he is entitled to qualified immunity as to Plaintiff's 42 U.S.C. § 1983 claim for the refusal to comply with the district court's order. Plaintiff argues that immunity cannot attach for a state actor's failure to obey a court order which is valid on its face. Once a defendant raises the defense of qualified immunity, the plaintiff must demonstrate that i) the defendant violated the law and ii) the relevant law was clearly established when the alleged violations occurred. Gehl Group v. Koby, 63 F.3d 1528, 1533 (10th Cir. 1995). If Valdez's alleged conduct does not violate the law, I need not address whether the law was clearly established. See Gehl Group, 63 F.3d at 1533.

If the plaintiff demonstrates that Valdez's conduct did violate the law, the plaintiff also must show that he violated a clearly established right "such that a reasonable person in defendant's position would have known the conduct violated that right." Garramone v. Romo, 94 F.3d 1446, 1449 (10th

Cir. 1996). If Plaintiff demonstrates that Valdez's alleged conduct violated a clearly established right, Valdez then bears the normal burden of demonstrating that no material facts remain in dispute in order to obtain summary judgment. See Hannulla v. City of Lakewood, 907 F.2d 129, 131 (10th Cir. 1990).

The standard for determining whether a state official has violated a pretrial detainee's right to basic human needs--including protection from violence--is "deliberate indifference." United States v. Farmer, 511 U.S. 825 (1994). "[A]n official or municipality acts with deliberate indifference if its conduct (or adopted policy) disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." Barrie v. Grand County Utah, 119 F.3d 862 (10th Cir. 1997).

Neither Plaintiff's allegations nor evidence submitted on the motion show deliberate indifference on the part of Valdez. Plaintiff does not allege that Valdez knew Slaughter was at risk of injury at LCDC. See Farmer, 511 U.S. at 837 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not . . . cannot under our cases be condemned as the infliction of punishment."). Plaintiff only asserts that Valdez should have obeyed, or appealed, the district court order directing them to take custody of Slaughter. Yet Valdez did not ignore the order. As directed in the order, he requested in writing that a hearing be held for the court to address the Secretary's concerns about complying with the order. The judge did not respond to that request. Meanwhile, the time allowed for appeal elapsed.

There are no material issues of fact in dispute. Valdez's actions were reasonable in light of the state district court's instructions regarding the order. Plaintiff has not persuaded this Court that

Valdez's actions violated the law.  Even if he did violate the law, Valdez acted reasonably in contesting the order and therefore, is entitled to qualified immunity.

Wherefore,

IT IS ORDERED that Defendants State of New Mexico Department of Health and Alex Valdez's Motion for Summary Judgment is hereby **granted**

IT IS FURTHER ORDERED that Plaintiff's 42 U.S.C. § 1983 claim against Defendant State of New Mexico Department of Health is **dismissed**.  Plaintiff's 42 U.S.C. § 1983 claims against Defendant Alex Valdez are **dismissed,** and summary judgment will be entered for Defendant Valdez in accordance with this opinion.

IT IS FURTHER ORDERED that the motion hearing set for Thursday, January 29, 1998, at 9:30 a.m., is **vacated**.

DATED this 23rd day of January, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel For Plaintiff:             Dick A. Blenden
                                           Blenden Law Firm
                                           Carlsbad, New Mexico

Counsel For Defendants NMDH     Elizabeth L. German
  and Alex Valdez:                    Brown & German
                                           Albuquerque, New Mexico