## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MICHAEL T. NEWELL, Guardian Ad Litem
of TOMMY SLAUGHTER,

        Plaintiff,

vs.                               No. CIV 97-0436 JC/LFG

LEA COUNTY BOARD OF COUNTY COMMISSIONERS,
FORREST BOSTICK, ADMINISTRATOR OF THE LEA
COUNTY JAIL, STATE OF NEW MEXICO DEPARTMENT
OF HEALTH, STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT, GLEN WILLIAMSON,
NELSON SPEARS, and ALEX VALDEZ,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants Lea County Board of County Commissioners and Forrest Bostick's ("Lea County Defendants") Motion for Summary Judgment, filed January 13, 1998 (Docket No. 44).  The Court has reviewed the motion, the memoranda submitted by the parties, and relevant authorities, and finds that the motion is well taken and will be granted.

### Background

The Lea County Defendants' motion addresses the alleged inadequate medical care provided to Tommy Slaughter ("Slaughter") during his confinement in the Lea County Detention Center ("LCDC") after he was arrested on seven felony counts on June 27, 1994.  Plaintiff's complaint alleges that Defendants violated Slaughter's constitutional rights by failing to provide adequate medical treatment.  Defendants submit that they were not deliberately indifferent to Slaughter's

serious medical needs and thus are entitled to judgment as a matter of law.  Plaintiff challenges summary judgment claiming that "there is *going to be* a substantial and material question of fact" and that "those matters [which] *have not been completely and fully developed* . . . simply constitute a question of fact which should be determined by the fact finder." (Plaintiff's Response at 4) (emphasis added).

## Analysis

A.  Standard for Summary Judgment

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The Federal Rules of Civil Procedure provide that it is the movant's burden to demonstrate the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 321-323 (1986).  Once the movant has made such a showing, the adverse party "may not rest upon the mere allegations or denials of [their] pleading[s], [they] must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

In reviewing a summary judgment motion, "[t]he evidence must be viewed in the light most favorable to the nonmoving party, Frandsen v. Westinghouse Corp., 46 F.3d 975, 977 (10th Cir. 1995), even when it is produced by the moving party." Buchanan v. Sherrill, 51 F.3d 227, 228 (10th Cir. 1995).  "Summary judgment is only appropriate if 'there is [not] sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1266 (10th Cir. 1996) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).  "Thus, to defeat a summary judgment motion, the non-movant 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" Id. (citing

<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 585-86 (1986)).  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Anderson</u>, 477 at 249-250 (citations omitted).

B.  <u>Deliberate Indifference to Serious Medical Needs</u>

Plaintiff alleges that the Lea County Defendants failed to provide Slaughter with necessary psychiatric, health, and habilitation services in violation of Slaughter's civil rights.  The Fourteenth Amendment's due process clause entitles pretrial detainees the same degree of medical treatment afforded convicted inmates under the Eighth Amendment.  <u>Martin v. Bd. of County Comm'rs</u>, 909 F.2d 402, 407 (10th Cir. 1990).  A pretrial detainee has a claim against his custodian for failure to provide adequate medical attention only if the custodian knows of the risk involved and is "deliberately indifferent" to that risk.  <u>Barrie v. Ground County Utah</u>, 119 F.3d 862, 868 (10th Cir. 1997).  The prisoner must allege acts or omissions which are "sufficiently harmful" in order to state a cognizable claim of deliberate indifference to serious medical needs.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

Plaintiff fails to allege any deliberate indifference.  The only exhibits submitted on this motion show that Slaughter was given adequate medical treatment.  Plaintiff produces no evidence that Slaughter had a serious medical need, that he needed additional treatment, or that the Lea County Defendants denied him medical care.  <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1444 (10th Cir. 1996) (affirming dismissal where no evidence that plaintiff needed additional treatment or was denied access to medical treatment).  Plaintiff's attempt to defeat summary judgment rests on mere allegations and does not set forth specific facts or a single exhibit showing that there is a genuine issue for trial.

Plaintiff asserts that "the evidence has not been fully developed at this point . . .," yet Plaintiff does not request a deferral pursuant to Rule 56(f).

Federal Rule of Civil Procedure 56(f) allows the nonmovant to seek deferral of a summary judgment ruling pending complete discovery. <u>Committee for the First Amendment v. Campbell</u>, 962 F.2d 1517, 1521 (10th Cir. 1992).  In order for the nonmovant to obtain deferral pursuant to Rule 56(f):  i) the nonmovant must identify the "probable facts not available and what steps have been taken to identify these facts," and ii) the nonmovant must furnish an affidavit explaining "why facts precluding summary judgment cannot be presented."  <u>Id.</u> at 1522;  <u>see also</u> <u>DiCesare v. Stuart</u>, 12 F.3d 973, 979 (10th Cir. 1993).

<u>C.  Failure to Protect</u>

It does not appear that the Lea County Defendants' motion addresses Plaintiff's claim for failure to protect Slaughter from harm while he was incarcerated at LCDC; thus, the failure to protect claim remains.  The Court notes, however, that the deliberate indifference standard applies for determining whether a state official has violated a pretrial detainee's right to basic human needs-- including protection from violence.  <u>United States v. Farmer</u>, 511 U.S. 825 (1994).  Plaintiff must provide more than the allegation that Bostick "should have known" that Tommy was being raped, sodomized, beaten, held to involuntary servitude . . .," (Plaintiff's Complaint at 6), to show deliberate indifference.  <u>See</u> <u>Farmer</u>, 511 U.S. at 837 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not . . . cannot under our cases be condemned as the infliction of punishment.").

Wherefore,

IT IS ORDERED that Defendants Lea County Board of County Commissioners and Forrest Bostick's Motion for Summary Judgment be, and hereby is, **granted**.

Summary judgment will be entered for the Lea County Defendants and against Plaintiff as to Plaintiff's claim for inadequate medical treatment.  Plaintiff's failure to protect claim remains.

DATED this 5th day of February, 1998.

**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:                    Dick A. Blenden
                                          Blenden Law Firm
                                          Carlsbad, New Mexico

                                          Jeffrey B. Diamond
                                          Jeffrey B. Diamond Law Firm
                                          Carlsbad, New Mexico

Counsel for Lea County Defendants:        Ronald J. Childress
                                          Klecan & Childress
                                          Albuquerque, New Mexico

                                          Carl J. Butkus
                                          Butkus & Reimer, P. C.
                                          Albuquerque, New Mexico