# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHAEL T. NEWELL, Guardian Ad Litem
of TOMMY SLAUGHTER,

       Plaintiff,

      vs.                                         No. CIV 97-0436 JC/LFG

LEA COUNTY BOARD OF COUNTY COMMISSIONERS,
FORREST BOSTICK, ADMINISTRATOR OF THE LEA
COUNTY JAIL, STATE OF NEW MEXICO DEPARTMENT
OF HEALTH, STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT, GLEN WILLIAMSON,
NELSON SPEARS, and ALEX VALDEZ,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants Lea County Board of County Commissioners' and Forrest Bostick's Motion to Dismiss and Motion for Summary Judgment (Docket No. 55), filed May 13, 1998.  The Court has reviewed the motions, the memoranda submitted by the parties, and relevant authorities, and finds that Defendants' Motion to Dismiss is not well taken and will be **denied**; Defendants' Motion for Summary Judgment is not well taken and will be **denied** as premature.

## I.  Background

This lawsuit arises out of the alleged failure of Defendants to protect Tommy Slaughter ("Slaughter") from physical and sexual abuse by other detainees in the Lea County Detention Center ("LCDC") after he was arrested on seven felony counts on June 27, 1994.  Michael Newell,

Guardian ad Litem, brings this suit on behalf of Slaughter.  Plaintiff alleges Defendants--Lea County

Board of County Commissioners and Forrest Bostick, Administrator of LCDC--were deliberately

indifferent to Slaughter's basic human need to be protected from violence while in Defendants'

custody.  Defendants move to dismiss this claim because Plaintiff did not specifically allege deliberate

indifference in the Complaint.  Defendants also move for summary judgment insofar as there is no

evidence Slaughter was "raped, sodomized, beaten or held to involuntary servitude" as alleged and

no evidence Defendants disregarded a known, serious risk Slaughter was being abused.

## II.  Legal Standard

Federal Rule of Civil Procedure 12(b) provides that if matters outside the pleadings are

presented to and not excluded by the court, [a Rule 12(b)(6) motion] shall be treated as one for

summary judgment and disposed of as provided in Rule 56.  I find Plaintiff's Complaint sufficiently

alleges deliberate indifference, and I will not dismiss based solely on the Complaint.  In light of my

consideration of evidence presented outside of the pleadings, I will treat this motion as a motion for

summary judgment.

## III.  Discussion

In my February 5, 1998 Memorandum Opinion and Order, I granted summary judgment for

the Lea County Defendants as to Plaintiff's inadequate medical treatment claim.  I also outlined the

requirements for deferral of a summary judgment ruling pursuant to Fed. R. Civ. P. 56(f) because

Plaintiff failed to request a deferral in response to that motion.  I further noted that under the

deliberate indifference standard applicable to the remaining failure to protect claim, Plaintiff must

provide more than the allegation that Defendant Bostick or the Board of Commissioners "should have known" Slaughter was being sexually abused in order to prevail.

Plaintiff's evidence submitted on this motion does not make a prima facie showing of deliberate indifference on the part of Defendants.  Plaintiff submits only Louis Wynne's affidavit which concludes LCDC administration "knew or *should have known* Slaughter was being physically and sexually victimized from the incidents described in Detention Center records."  As I made clear in my February 5, 1998 Memorandum Opinion and Order, this allegation is insufficient to meet the deliberate indifference standard outlined in United States v. Farmer, 511 U.S. 825, 837 (1994) ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not . . . cannot under our cases be condemned as the infliction of punishment.").  In addition, Louis Wynne only concludes Defendants were "willfully indifferent" to the risk of threat to Slaughter's physical and mental health based on evidence that Slaughter "had agreed to shave his eyebrows to be someone's bitch."  Plaintiff did not attach the records upon which Louis Wynne makes his conclusions, as he is required to do.  See Thomas v. Wichita Coca Cola Bottling Co., 908 F.2d 1022, 1024 (10th Cir. 1992).  Nevertheless, the conclusions are insufficient to withstand summary judgment.

Plaintiff requests further discovery on the subjective component of deliberate indifference. Specifically, Plaintiff wishes to depose employees of Defendant County as well as Defendant Bostick to determine the nature and extent of their knowledge about Slaughter's situation.  However, Plaintiff failed to furnish an affidavit explaining why facts precluding summary judgment cannot be presented; instead, counsel advocates the issue in the Response.  While advocacy by counsel does not suffice in this Circuit in the Rule 56(f) context, a district court may, in the interest of justice, allow a party additional time to marshal what evidence he does have in opposition to the motion for summary

judgment.  See  Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1522-23 (10th Cir. 1992).  In the interest of justice, I will grant Plaintiff additional time to marshal the evidence he already has indicating Defendants were deliberately indifferent to Slaughter's needs, or to file a proper Rule 56(f) motion supported by the requisite affidavit.

Wherefore,

IT IS ORDERED that Defendants' Motion to Dismiss be, and hereby is, **denied**.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment as to Plaintiff's failure to protect claim be, and hereby is, **denied** as premature.  Plaintiff has fourteen days from the entry of this Memorandum Opinion and Order to file a proper Rule 56(f) motion with a supporting affidavit.  This Order does not preclude Defendants from refiling a motion for summary judgment on the failure to protect issue at a later date.

DATED this 6th day of July, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:        Dick A. Blenden
                              Blenden Law Firm
                              Carlsbad, New Mexico

Counsel for Defendants:       Carl J. Butkus
                              Gary J. Cade
                              Butkus & Reimer, P. C.
                              Albuquerque, New Mexico