## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MICHAEL T. NEWELL, Guardian Ad Litem
of TOMMY SLAUGHTER,

      Plaintiff,

vs.                               No. CIV 97-0436 JC/LFG

LEA COUNTY BOARD OF COUNTY COMMISSIONERS,
FORREST BOSTICK, ADMINISTRATOR OF THE LEA
COUNTY JAIL, STATE OF NEW MEXICO DEPARTMENT
OF HEALTH, STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT, GLEN WILLIAMSON,
NELSON SPEARS, and ALEX VALDEZ,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER came on for consideration of Plaintiff's Objections to the Order Denying

Motion for Discovery Pursuant to Rule 56(f) *(Doc. 69)*, filed August 14, 1998, and the August 10,

1998 renewal of Defendants Lea County Board of County Commissioners and Forrest Bostick's

("Lea County Defendants") Motion for Summary Judgment *(Doc. 55)*.  The Court has reviewed the

objections and the motion, the affidavits and memoranda submitted by the parties, and relevant

authorities, and finds that Plaintiff's objection is well taken in part and will be granted in part;

Defendants' Motion for Summary Judgment is not well taken and will be denied as premature.

## I.  Background

This suit was brought by Plaintiff, as Guardian Ad Litem for Tommy Slaughter, on

April 2, 1997.  The Fifth Judicial District Court for the State of New Mexico determined Tommy

Slaughter to be mentally incompetent to stand trial and appointed Plaintiff as Guardian Ad Litem in 1996. The suit alleges multiple violations of Mr. Slaughter's civil rights resulting from a two-year period of confinement in the Lea County Detention Facility. The Complaint alleges that Mr. Slaughter was "raped, sodomized, beaten, [and] held to involuntary servitude" during that period of confinement and that Defendants failed to protect him. Defendants asserted absolute or qualified immunity at a Rule 16 scheduling conference held July 21, 1997, and United States Magistrate Judge Lorenzo F. Garcia issued an Order Staying Formal Discovery on July 22, 1997 *(Doc. 17)*.

Lea County Defendants filed a Motion to Dismiss and Motion for Summary Judgment *(Doc. 55)* on May 13, 1998. The Court denied the Motion to Dismiss by Memorandum Opinion and Order, entered July 6, 1998 *(Doc. 60)*. The Court's July 6 Order also denied the Motion for Summary Judgment as premature. In the July 6 Order, Plaintiff was given fourteen days to file a proper Rule 56(f) motion with a supporting affidavit to reopen discovery for the limited purpose of responding to the Motion for Summary Judgment.

Plaintiff filed a Motion for Discovery *(Doc. 61)* on July 17, 1998, together with a supporting memorandum and the Affidavit of Jeffrey B. Diamond in Support of Motion Pursuant to Rule 56(f) ("Diamond Affidavit") *(Doc. 63)*. Plaintiff's motion requested that Plaintiff be authorized to take eleven or more depositions, and that additional discovery be allowed should additional information become available from deposition testimony. The Diamond Affidavit asserted a need to depose fifteen or more individuals, submit additional interrogatories, and request production of documents.

Plaintiff's motion limited the discovery request to the issue of the deliberate indifference of the Lea County Defendants, but does not state the specific facts that Plaintiff seeks to obtain to

establish "deliberate indifference."  Paragraph 5 of the Diamond Affidavit provides some additional

insight into the facts that Plaintiff sought to discover:

> In view of the inescapable fact that Tommy Slaughter had been left in the Lea County Detention Center and forgotten by the prosecution, defense, and the Court for approximately two years while he was obviously mentally incompetent to stand trial, I feel discovery will develop abundant evidence that there was a deliberate indifference on the part of the Lea County Detention Center and its administration by the circumstances under which an obvious misfit was being held for such a lengthy period of time without the benefit of any conviction, no efforts being made to take his case to trial or obtain any extension of time on which to take his case to trial, and all through that period of time, he was being physically and sexually abused.  It appears that under those circumstances the persons who were confining him must have known or were so grossly indifferent to the circumstances under which he was being kept confined without any conviction, conditions of release, notice of trial, or any other legal authority that those circumstances of continuing to confine him and holding him to service would amount to deliberate indifference.

Plaintiff's Motion for Discovery was denied by the magistrate judge on August 4, 1998.

Plaintiff filed a timely Rule 72 objection to the order on August 14, 1998.


**II.  Analysis**

   **A.      Standard of Review**

A district judge considering objections to magistrate judge orders on non-dispositive pretrial

motions "shall modify or set aside any portion of the magistrate judge's order found to be clearly

erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  Where the magistrate judge's decision involves

factual issues, the "clearly erroneous" standard requires that "a decision must strike us as more than

maybe or probably wrong; it must strike us with the force of a five-week-old, unrefrigerated dead

fish."  National Excess Ins. Co. v. Civerolo, Hansen & Wolf, P. A., 139 F.R.D. 401, 402

(D.N.M. 1991) (quoting Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233

(7th Cir. 1988), cert. denied, 493 U.S. 847 (1989)).  However, where the magistrate judge's decision

involves legal issues, the "contrary to law" portion of Rule 72(a) is applied.  See Bryant v. Hilst, 136 F.R.D. 487, 488 (D. Kan. 1991).

The magistrate judge denied Plaintiff's Rule 56(f) motion on the basis that Plaintiff's proffer was inadequate to overcome the protection from the burdens of discovery that qualified immunity bestows on public officials.  See Order Den. Mot. for Disc. Pursuant to Rule 56(f) *(Doc. 67)* at 1 (citing the requirements of Harlow v. Fitzgerald, 457 U.S. 800, 818 (1983); Gallegos v. City of Denver, 984 F.2d 358 (10th Cir.), cert. denied, 508 U.S. 972 (1993)); Id. at 2 (expressing concerns that "full, free-wheeling discovery in the face of a qualified immunity motion" would deny defendant the benefit of qualified immunity); Id. at 4 (finding "the proffer insufficient, and if the proposed discovery were allowed, Defendants would be denied the very benefit granted them by the qualified immunity defense.").  The magistrate judge's decision presents a mixed question of fact and law. Whether Plaintiff's motion and affidavit contained the minimally required elements for a Rule 56(f) motion is a question of fact.  Whether the proffered evidence is necessary and sufficient to overcome a motion for summary judgment, and whether the need for discovery is sufficient to overcome the qualified immunity protection of Harlow, constitute questions of law.

### B.      Plaintiff's Rule 56(f) Affidavit

Summary judgment should not be granted "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986).  Federal Rule of Civil Procedure 56(f) addresses this concern by allowing the party opposing a motion for summary judgment to seek deferral of a summary judgment ruling pending complete discovery.  Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1521 (10th Cir. 1992).  In order for the nonmovant to obtain deferral pursuant to Rule 56(f), the

nonmovant must:  i) identify the "probable facts not available and what steps have been taken to identify these facts," and ii) furnish an affidavit explaining "why facts precluding summary judgment cannot be presented."  <u>Id.</u> at 1522; <u>see also</u> <u>DiCesare v. Stuart</u>, 12 F.3d 973, 979 (10th Cir. 1993).

Rule 56(f) motions should be treated liberally.  <u>See</u> <u>Committee for the First Amendment</u>, 962 F.2d at 1522 (citing 6 JAMES W. MOORE & JEREMY C. WICKER, MOORE'S FEDERAL PRACTICE ¶ 56.24 (1988)).  In this circuit, an affidavit must accompany a Rule 56(f) motion to insure that the rule is being invoked in good faith and that there is merit to the opposition to summary judgment.  <u>See</u> <u>Committee for the First Amendment</u>, 962 F.2d at 1522 (citing <u>First Chicago Int'l v. United Exch. Co.</u>, 836 F.2d 1375 (D.C. Cir. 1988)).

Plaintiff's Motion--supported by affidavit--seeks depositions of Defendant Forrest Bostick, twelve Lea County Detention Center employees, and two former inmates on the question of whether Defendants were deliberately indifferent to the health and safety of Tommy Slaughter.  Paragraph 5 of the Diamond Affidavit better fleshes out the evidence that Plaintiff seeks.  In paragraph 5, Diamond argues that evidence from the depositions will establish that Slaughter was an obvious misfit, that he was obviously mentally incompetent and thus at risk of physical or sexual assault, that Defendants knew Slaughter had been physically and sexually abused during his confinement, and that Defendants deliberately ignored Slaughter's health and safety during an extended period of confinement.

Plaintiff's proffer "should set forth a plausible basis for believing the specified facts, susceptible of collection within a reasonable time frame, probably exists."  <u>Resolution Trust Corp. v. North Bridge Associates, Inc.</u>, 22 F.3d 1198, 1203 (5th Cir. 1994).  Although the Rule 56(f) affidavit does not need to contain evidentiary facts, <u>see</u> <u>Committee for the First Amendment</u>, 962 F.2d at 1522, I note that the Affidavit of Louis Wynne, Ph.D. *(Doc. 58 Ex. A)* and the Affidavit of Forrest

Bostick *(Doc. 56 Ex. A)* provide additional evidentiary support for Plaintiff's assertion that discovery will yield evidence that Defendants knew Slaughter was at risk and failed to protect him.  Specifically, Wynne's affidavit indicates that Slaughter's small size, obvious mental retardation, and childlike behavior would put any jailer with even minimal training on notice that Slaughter was at risk for physical and sexual victimization.  Wynne's affidavit also indicates that discovery may yield evidence that Slaughter was the object of jokes by detention facility staff, and that officers knew Slaughter was being sexually abused because he shaved his eyebrows and body hair. Bostick's affidavit admits that officers received reports from other inmates warning that Slaughter might be at risk of injury and that the staff knew Slaughter had shaved his body.  The fact that Defendant Bostick was aware of this information provides a plausible basis for believing Plaintiff's claims that other employees were aware that Slaughter had been subjected to sexual and physical assaults.

Knowledge of a substantial risk of serious harm to a prisoner is a required element of deliberate indifference under the rule established in <u>Farmer v. Brennan</u>, 511 U.S. 825, 842 (1994). Plaintiff's motion and affidavit establish that Defendants' subjective knowledge of a substantial risk to Tommy Slaughter can only be proved by discovery of what Defendants or their employees actually knew or observed.  The July 22, 1997 Order Staying Formal Discovery *(Doc. 17)* prevented Plaintiff from deposing or obtaining other discovery from Defendants or their employees.  I find, therefore, that Plaintiff's motion and affidavit provide a sufficient explanation for their inability to respond to the Motion for Summary Judgment.

### C.     The Proffered Evidence, If Produced, Would
###        Establish a Genuine Issue of a Material Fact

The party filing a Rule 56(f) motion must show how the requested discovery will establish the genuine issue of a material fact.  See Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1554 (10th Cir. 1993).  In my Memorandum Opinion and Order filed July 6, 1998 *(Doc. 60)*, I noted that Plaintiff must prove more than that Defendants "knew or should have known" that Slaughter was being victimized.  Plaintiff must establish that a prison official had a "sufficiently culpable state of mind" of "deliberate indifference" to inmate health or safety to state a claim for violating a pretrial detainee's Eighth Amendment right to basic human needs--including protection from violence. Wilson v. Seiter, 501 U.S. 294, 297, 302-03 (1991).  The Supreme Court clarified the meaning of "deliberate indifference" in  Farmer v. Brennan, 511 U.S. 825 (1994) by stating:

> [A] prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 537.  However, the Supreme Court goes on to caution those who would seek refuge by avoiding actual knowledge of obvious risks:

> Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

Id. at 842 (citation omitted).

Plaintiff's factual allegations survived Defendants' motion to dismiss on this issue.  The proffered evidence is necessary to establish the subjective component of deliberate indifference needed to withstand summary judgment.  The proffered evidence, if obtained, may also be sufficient

to create a genuine issue of material fact because it could support the conclusion that Lea County Defendants were aware of the substantial risk of serious harm to Slaughter. Alternatively, Plaintiff may obtain circumstantial evidence that Lea County Defendants knew of the risk if Plaintiff establishes awareness of facts from which an inference of risk would be obvious. See id. at 848-49 (remanding for reconsideration Rule 56(f) motion to allow transsexual inmate discovery on deliberate indifference issue; stating that proffer that defendants knew of the risk to transsexual because of youthful appearance and institutional history of sexual assault might be sufficient). If Plaintiff's factual allegations are sufficient to survive preliminary motions to dismiss, and Plaintiff's Rule 56(f) motion indicates there may be discoverable evidence to withstand summary judgment, discovery should be allowed before ruling on a summary judgment motion. See Nestor Colon Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 38 (1st Cir. 1992).

### D. Defendant's Qualified Immunity Does Not Deny Plaintiff Limited Discovery

The magistrate judge correctly decided that Plaintiff's Rule 56(f) motion should not permit Plaintiff "to engage in full, free-wheeling discovery in the face of a qualified immunity motion" because that would deny Defendants the very benefit that qualified immunity provides. However, the protection that Harlow and its progeny offer against discovery does not bar discovery tailored specifically to the qualified immunity issue. See Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987).

A court does not have unlimited discretion to deny a Rule 56(f) motion when the discovery sought is essential to a dispositive motion. See McAllister v. FDIC, 87 F.3d 762, 766 (5th Cir. 1996). It is an abuse of discretion to deny a Rule 56(f) motion where the party opposing

summary judgment has not had an opportunity to conduct essential discovery. <u>See</u> <u>Paquin v. Federal Nat'l Mortgage Ass'n</u>, 119 F.3d 23, 28 (D.C. Cir. 1997); <u>Northington v. Warden</u>, No. 96-1260, 1997 WL 242255, at **5 (10th Cir. May 12, 1997) (unpublished opinion); <u>King Airway Co. v. Routt County</u>, No. 95-1315, 1997 WL 186256, at **5 (10th Cir. Apr. 17, 1997) (unpublished opinion). When a defendant asserts qualified immunity and files a motion for summary judgment based on that qualified immunity, essential discovery tailored to the qualified immunity question must be allowed. <u>See</u> <u>McIntosh v. O'Connor</u>, No. 95-1346, 1996 WL 108539 at **2 (10th Cir. Feb. 29, 1996) (unpublished opinion).

Other courts that have confronted the issue of a motion for summary judgment in the face of a stay of discovery based on qualified immunity have authorized limited discovery tailored specifically to the issue at hand. <u>See</u> <u>Lovelace v. Delo</u>, 47 F.3d 286, 288 (8th Cir. 1995); <u>Hegarty v. Somerset County</u>, 25 F.3d 17, 18 (1st Cir. 1994). Plaintiff's Rule 56(f) motion goes too far by requesting depositions of at least eleven, and perhaps fifteen or more, individuals without a limitation on the subject matter of the depositions. Plaintiff's motion and the Diamond Affidavit appear to ignore my December 22, 1997 Order *(Doc. 41)* dismissing the claims against the Lea County Defendants based on Tommy Slaughter's two-year confinement. References in the Diamond Affidavit and Plaintiff's motion to the long duration of confinement are irrelevant to the failure to protect claim, which is the only claim remaining in this suit. Magistrate Judge Garcia was correct in denying discovery on these matters. However, it is an abuse of discretion to deny Plaintiff necessary discovery on the viable failure to protect claim.

Although I agree with the magistrate judge that Plaintiff cannot be granted all the discovery requested, I find that the magistrate judge's order must be modified to permit Plaintiff some discovery necessary to respond to Defendants' Motion for Summary Judgment on the issue of qualified immunity.  The permitted discovery must be limited to the issue of whether or not prison officials were aware of a substantial risk to Tommy Slaughter's health and safety.

Because discovery will be allowed on this issue, Defendants' Motion for Summary Judgment as to Plaintiff's failure to protect claim remains premature and will be denied.

Wherefore,

IT IS ORDERED that Plaintiff's Objections to the Order Denying Motion for Discovery Pursuant to Rule 56(f) *(Doc. 69)* are **sustained in part**.

IT IS FURTHER ORDERED that the Order Denying Motion for Discovery Pursuant to Rule 56(f) *(Doc. 67)* be modified as follows:  Plaintiff shall be allowed to depose and/or submit interrogatories to not more than five of the individuals named in the Motion for Discovery Pursuant to Rule 56(f) *(Doc. 61)*.  The subject matter of the depositions or interrogatories shall be limited to whether or not prison officials were aware of facts from which the inference could be drawn that Tommy Slaughter was at substantial risk of serious harm; whether or not prison officials made the inference that Tommy Slaughter was at risk of serious harm; and whether or not the risk of serious harm to Tommy Slaughter was so obvious that a fact finder could conclude that a prison official knew of a substantial risk of serious harm to Tommy Slaughter.

IT IS FURTHER ORDERED that Defendants' August 10, 1998 renewal of their Motion for Summary Judgment as to Plaintiff's failure to protect claim be, and hereby is, **denied** as premature. This Order does not preclude Defendants from refiling a motion for summary judgment on this issue at a later date.

DATED this 3rd day of September, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**


Counsel for Plaintiff:      Dick A. Blenden
                            Blenden Law Firm
                            Carlsbad, New Mexico

Counsel for Defendants:     Carl J. Butkus
                            Gary J. Cade
                            Butkus & Reimer, P. C.
                            Albuquerque, New Mexico