IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL T. NEWELL, Guardian Ad Litem
of TOMMY SLAUGHTER,

      Plaintiff,

      vs.                                    No. CIV 97-0436 JC/LFG

LEA COUNTY BOARD OF COUNTY COMMISSIONERS,
FORREST BOSTICK, ADMINISTRATOR OF THE LEA
COUNTY JAIL, STATE OF NEW MEXICO DEPARTMENT
OF HEALTH, STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT, GLEN WILLIAMSON,
NELSON SPEARS, and ALEX VALDEZ,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of the Renewal of Summary Judgment Motion by Defendants Forrest Bostick and the Board of Commissioners of Lea County *(Doc. 75)*, filed May 14, 1999, and Defendants' Motion to Strike Affidavit of Louis Wynne *(Doc. 79)*, filed May 14, 1999. The Court has reviewed the motions, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that the motions are not well taken and will be **denied**.

**I.**    **Background**

This suit arises out of the detention of Tommy Slaughter in the Lea County jail for a period of over two years following his arrest on June 27, 1994. On March 14, 1995, the Las Vegas Medical Center determined that Mr. Slaughter was mentally retarded and incompetent to stand trial. Yet, Mr. Slaughter was not released from detention until October 15, 1996. During the period of

Mr. Slaughter's incarceration, he was allegedly "raped, sodomized, beaten, [and] held to involuntary servitude" by other inmates. Complaint ¶ 14. Plaintiff claims that Defendants Forrest Bostick and Lea County Board of County Commissioners failed to protect Slaughter and were deliberately indifferent to the conditions of his confinement, in violation of Slaughter's constitutional rights.

Defendants move for summary judgment, claiming that Plaintiff has failed to establish that Defendants acted with deliberate indifference to Slaughter's constitutional rights. Alternatively, Defendants claim that they are entitled to qualified immunity.

**II      Analysis**

    **A.      Standard of Review**

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). To withstand a motion for summary judgment, the burden is on the nonmoving party to identify specific facts in the interrogatories, affidavits, depositions and other evidence on file that would indicate a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To establish a genuine issue of material fact, the evidence must be sufficient, when viewed in the light most favorable for the nonmoving party, for a reasonable jury to return a verdict in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 238 (1986).

### B. Fourteenth Amendment Conditions of Confinement Claim

Mr. Slaughter was a pretrial detainee at the time of the events described in Plaintiff's complaint. A pretrial detainee is entitled to Fourteenth Amendment substantive due process rights that are equivalent to the Eighth Amendment rights of a prisoner to be free from cruel and unusual punishment. *See Estate of Hocker v. Walsh*, 22 F.3d 995, 998 (10th Cir. 1994). Plaintiff must establish that a prison official had a "sufficiently culpable state of mind" of "deliberate indifference" to inmate health or safety to state a claim for violating a pretrial detainee's right to basic human needs--including protection from violence. *Wilson v. Seiter*, 501 U.S. 294, 297, 302-03 (1991). The Supreme Court clarified the meaning of "deliberate indifference" in *Farmer v. Brennan*, 511 U.S. 825 (1994) by stating:

> a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 537. However, the Supreme Court goes on to caution those who would seek refuge by avoiding actual knowledge of obvious risks:

> Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Id.* at 842 (citation omitted).

Plaintiff presents substantial evidence that Defendants knew, or that it was obvious to Defendants, that Slaughter was mentally retarded and very childlike. *See* Pl.'s Resp. Mem. *(Doc. 77)* Ex. RS-4, 10, 15. A reasonable trier of the facts could conclude from the correspondence between

Slaughter and the jail employees that Slaughter was so childlike that it was obvious he would be victimized by other inmates. *See id.* Ex. RS-1, 6a, 7, 8, 10, 16. Similarly, from the tone of the jail employees' responses, one could conclude that jail employees were aware of the risk. *See id.* Ex. RS-1, 10, 15.

Plaintiff also presents evidence from the jail records that Slaughter may have been sexually victimized by other inmates on at least three occasions. *See id.* Ex. RS-3, RS-4, 19. Jail personnel were aware of each of these incidents, and observed some of the events surrounding two of these incidents. Although Defendants claim that they temporarily isolated Slaughter immediately following two of the three incidents, there is no evidence that Defendants took any permanent, systematic measures to protect Slaughter. Taken as a whole, Plaintiff has presented sufficient evidence that could establish deliberate indifference.

### C. Qualified Immunity

Defendant Bostick, as a government official, has raised the defense of qualified immunity. To overcome the defense, Plaintiff must establish that Defendant Bostick violated a clearly established law. *See Clanton v. Cooper*, 129 F.3d 1147, 1156 (10th Cir. 1997). It has been clearly established law since 1982 that an involuntarily detained individual has a Fourteenth Amendment right to be protected from violence and abuse at the hands of other detainees while in custody. *See Youngberg v. Romero*, 457 U.S. 307, 314-25 (1982). The contours of that right certainly extend well beyond the alleged facts in this case. I conclude that the failure to protect a pretrial detainee, who is known or believed to be mentally retarded and childlike, from a known or obvious risk of sexual and physical abuse at the hands of other inmates is a violation of clearly established law.

My decision to deny Defendants' motion for summary judgment does not rely on Louis Wynne's affidavit. Therefore, Defendants' motion to strike that affidavit is moot and will be denied.

Wherefore,

IT IS ORDERED that the Renewal of Summary Judgment Motion by Defendants Forrest Bostick and the Board of Commissioners of Lea County *(Doc. 75)*, filed May 14, 1999, and Defendants' Motion to Strike Affidavit of Louis Wynne *(Doc. 79)*, filed May 14, 1999, are **denied**.

DATED this 15th day of June, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:	Dick A. Blenden
	Blenden Law Firm
	Carlsbad, New Mexico

Counsel for Defendants:	Carl J. Butkus
	Gary J. Cade
	Butkus & Reimer, P. C.
	Albuquerque, New Mexico

	Ronald J. Childress
	Klecan, Childress & Huling
	Albuquerque, New Mexico