**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL T. NEWELL, Guardian Ad Litem
of TOMMY SLAUGHTER,

      Plaintiff,

vs.                                                                                No. CIV 97-0436 JC/LFG

LEA COUNTY BOARD OF COUNTY COMMISSIONERS,
FORREST BOSTICK, ADMINISTRATOR OF THE LEA
COUNTY JAIL, STATE OF NEW MEXICO DEPARTMENT
OF HEALTH, STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT, GLEN WILLIAMSON,
NELSON SPEARS, and ALEX VALDEZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants Lea County Board of County Commissioners and Forrest Bostick's (Defendants) Motion for Summary Judgment, filed December 15, 1999 *(Doc. 105)*. Defendants move for summary judgment and dismissal of this lawsuit on the basis that the guardian *ad litem* is not a legitimate plaintiff.

## I.    Background

Michael Newell, Plaintiff in this case, was appointed as a guardian *ad litem* by a state judge to represent Mr. Slaughter in the state criminal case filed against him. The state judge subsequently replaced Mr. Newell with Robert Love as Mr. Slaughter's guardian *ad litem* shortly after Mr. Newell filed this lawsuit. The orders appointing both Mr. Newell and Mr. Love as guardians *ad litem* restricted their representation of Mr. Slaughter to "this action," meaning the state criminal action. Exhibits 12 and 18 (attached to Br. in Supp. of Mot. for Summ. J. (Guardian *ad Litem*) *(Doc. 106)*).

Mr. Newell and Mr. Love were, therefore, not authorized to represent Mr. Slaughter in a separate civil suit such as this one. *See, e.g., State v. Kotis*, 984 P.2d 78, 89 n.13 (Haw. 1999) ("status of guardian *ad litem* exists only in that specific litigation in which the appointment occurs"); *Pleasant Hills Children's Home v. Nida*, 596 S.W.2d 947, 951 (Tex. Civ. App. 1980) (state court cannot direct guardian *ad litem* it appointed to prosecute federal suit).

Plaintiff argues, however, that since Mr. Slaughter is the real party in interest any error in Mr. Newell, and now Mr. Love, attempting to represent Mr. Slaughter in this case can be corrected pursuant to a FED. R. CIV. P. 17(c) guardian *ad litem* appointment by this Court. Plaintiff cites to *New Mexico Veterans' Service Comm'n v. United Van Lines, Inc.*, 325 F.2d 548, 550 (10th Cir. 1963) to support his proposition. *New Mexico Veterans' Service Comm'n* held that an error in the appointment of a wife as a general guardian does not go to the jurisdiction of the court. *Id.* The court further held that

> the incompetent is the real party in interest. That identity is not destroyed by any defects in the appointment of the wife as guardian. Had those defects been called to the attention of the trial court they could have been remedied. Failure in this regard did not oust the court of jurisdiction.

*Id*. (citations omitted). Defendants believe that this case is distinguishable from the one at hand because it did not involve a guardian *ad litem* but rather a general guardian. I find this distinction to be meaningless. As in *New Mexico Veterans' Service Comm'n*, the error of having an improper guardian *ad litem* representing Mr. Slaughter in this case is easily remedied by this Court appointing Mr. Love as Mr. Slaughter's guardian *ad litem*. Consequently, there is no need for this Court to dismiss this case on the basis of an improper plaintiff.

Wherefore,

IT IS ORDERED that Defendants' Motion for Summary Judgment (Guardian *Ad Litem*), filed December 15, 1999 *(Doc. 105)* is **denied**.

IT IS FURTHER ORDERED that pursuant to FED. R. CIV. P. 17(c) Robert Love, an attorney at law, is appointed to represent Tommy Slaughter in this action as Guardian *Ad Litem*.

DATED this 21ˢᵗ day of January, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:    Dick A. Blenden
Blenden Law Firm
Carlsbad, New Mexico

Jeffrey B. Diamond
Carlsbad, New Mexico

Counsel for Defendants:    Carl J. Butkus
Michael S. Jahner
Butkus & Reimer, P. C.
Albuquerque, New Mexico

Ronald J. Childress
Klecan, Childress & Huling
Albuquerque, New Mexico