IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL T. NEWELL, Guardian Ad Litem
of TOMMY SLAUGHTER,

      Plaintiff,

vs.                                                                   No. CIV 97-0436 JC/LFG

LEA COUNTY BOARD OF COUNTY COMMISSIONERS,
FORREST BOSTICK, ADMINISTRATOR OF THE LEA
COUNTY JAIL, STATE OF NEW MEXICO DEPARTMENT
OF HEALTH, STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT, GLEN WILLIAMSON,
NELSON SPEARS, and ALEX VALDEZ,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Defendants Lea County Board of County Commissioners and Forrest Bostick's (Defendants) Motion for Summary Judgment, filed December 15, 1999 *(Doc. 110)*. The Court previously denied Defendants' motion for summary judgment seeking dismissal of Plaintiff's remaining claim challenging his condition of confinement. Memorandum Opinion and Order, filed June 15, 1999 *(Doc. 83)*. Defendants now renew their previous motion for summary judgment based on the deposition of Mr. Slaughter which was taken on September 9, 1999.

**I.    Standard of Review**

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting FED. R. CIV. P. 1). Under FED. R. CIV. P. 56(c),

summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law. *Thrasher v. B & B Chemical Co., Inc.*, 2 F.3d 995, 996 (10th Cir. 1993). The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once the movant meets this burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id*. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

## II. Discussion[1]

In this renewed motion for summary judgment, Defendants contend that Mr. Slaughter's deposition demonstrates that they did not fail to protect Mr. Slaughter while he was incarcerated at the Lea County jail and so cannot be held liable for any Eighth Amendment violation of the prohibition against cruel and unusual punishment. Specifically, Defendants argue that the deposition testimony of Mr. Slaughter indicates that Defendants were not deliberately indifferent to any physical and psychological harm Mr. Slaughter may have endured during his stay at the Lea County jail.

The problem with Mr. Slaughter's deposition testimony, however, is its reliability. In 1995, the Las Vegas Medical Center determined that Mr. Slaughter is mentally retarded and was

---

[1] See summary of the facts recited in the June 15, 1999 Memorandum Opinion and Order.

incompetent to stand trial for the various criminal charges brought against him in state court. As such, I cannot find that Mr. Slaughter's deposition testimony is sufficiently reliable to sustain summary judgment on the issue of deliberate indifference. Moreover, whether Defendants possessed deliberate indifference, i.e., whether they had the requisite knowledge of a substantial risk of harm to Mr. Slaughter is a question of fact best left to the jury. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994). In sum, I find that Defendants' Motion for Summary Judgment is not well taken and should be denied.

Wherefore,

IT IS ORDERED that Defendants' Motion for Summary Judgment, filed December 15, 1999 *(Doc. 110)*, is **denied**.

DATED this 21st day of January, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Dick A. Blenden<br>Blenden Law Firm<br>Carlsbad, New Mexico |
| | Jeffrey B. Diamond<br>Carlsbad, New Mexico |
| Counsel for Defendants: | Carl J. Butkus<br>Michael S. Jahner<br>Butkus & Reimer, P. C.<br>Albuquerque, New Mexico |
| | Ronald J. Childress<br>Klecan, Childress & Huling<br>Albuquerque, New Mexico |