# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHAEL T. NEWELL, Guardian Ad Litem
of TOMMY SLAUGHTER,

      Plaintiff,

    vs.                                                        No. CIV 97-0436 JC/LFG

LEA COUNTY BOARD OF COUNTY COMMISSIONERS,
FORREST BOSTICK, ADMINISTRATOR OF THE LEA
COUNTY JAIL, STATE OF NEW MEXICO DEPARTMENT
OF HEALTH, STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT, GLEN WILLIAMSON,
NELSON SPEARS, and ALEX VALDEZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants Lea County Board of County Commissioners and Forrest Bostick's (Defendants) Motion in Limine to Exclude Testimony of Louis Wynne, Ph.D., filed December 15, 1999 *(Doc. 114)*, and Defendants' Motion in Limine to Exclude Testimony of Ray Storment, filed December 15, 1999 *(Doc. 118)*.

## I.    Dr. Wynne

Dr. Wynne is a board certified and licensed clinical psychologist hired by Plaintiff to provide expert testimony that 1) an incarcerated man of Mr. Slaughter's age, I.Q., and background who is charged with sex crimes is likely to be a person subjected to abuse in a jail setting, and 2) Defendants failed to properly protect Mr. Slaughter. Br. in Opp'n to Mot. to Strike Louis Wynne as an Expert Witness at 1 *(Doc. 117)*. Although Defendants raise several grounds for excluding Dr. Wynne's testimony, the most pertinent and relevant ground is based upon FED. R. EVID. 702, *Daubert v.*

*Merrell Dow Pharmaceuticals*, *Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167 (1999). Defendants argue that Dr. Wynne's expert testimony lacks reliability and so is excludable under FED. R. EVID. 702, *Daubert*, and *Kumho Tire*. Testimony based on "technical" and "other specialized" knowledge is admissible only if it is both relevant and reliable. *Kumho Tire*, 119 S. Ct. at 1171. Where an expert's "testimony's factual basis, data, principles, methods, or their application are called sufficiently into question . . . the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Id*. at 1175 (quoting *Daubert*, 509 U.S. at 592). In other words, the Court must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id*. at 1176. The test for reliability is, however, a "flexible" one. *Id*. at 1171 (quoting *Daubert*).

In this case, Defendants raise several concerns with the reliability of Dr. Wynne's testimony.[1] For example, Dr. Wynne is expected to testify that sexual offenders such as Mr. Slaughter are more likely to also be the victims of sexual abuse in a jail environment. Dr. Wynne, however, testified in his deposition that his opinion "<u>seems</u> to be the conventional wisdom among professionals" (emphasis added) and could not point to any sort of scientific analysis on that subject. Ex. A, Dep. of Louis Wynne, Ph.D. at 70 (attached to Br. in Supp. of Mot. to Strike Louis Wynne, Ph.D. *(Doc. 115)*). Moreover, Dr. Wynne indicated that he did not typically read a lot of "that literature." *Id*. Dr. Wynne further stated in his deposition testimony that it had been a long time, prior to 1978,

---

[1] Several of Defendants' arguments attack the weight that the trier of fact should place on Dr. Wynne's testimony, not its admissibility.

since he had seen any studies regarding incarcerated mentally retarded persons. *Id.* at 76-77. The above deposition testimony adversely affects the reliability of the reasoning and methodology Dr. Wynne used in coming to his conclusions. For that reason, I find that Defendants' motion to exclude Dr. Wynne's expert testimony is well taken and should be granted.

## II.     **Mr. Storment**[2]

Similar to Dr. Wynne, Plaintiff retained Mr. Storment to provide expert testimony that "[i]t was obvious from the circumstances of Mr. Slaughter's arrest, his physical size and obvious diminished mental capacity, that he either was or would be the victim of sexual abuse by other prisoners, and the fact of this sexual abuse was unmistakably obvious and made known on several occasions to the Lea County Detention Officers. . . ." Ex. A, Aff. of Ray Storment at ¶7 (attached to Br. in Supp. of Mot. to Strike Ray Storment *(Doc. 119)*). Mr. Storment will also testify that "[t]he failure to take measures to remove Mr. Slaughter from the jail and protect him shows a conscious and total indifference to the Plaintiff's rights." *Id.*[3] Defendants attack both Mr. Storment's qualifications as an expert as well as the reliability of his proposed testimony under *Daubert* and *Kumho*.

As a beginning point for this discussion, I will focus on Rule 702. Rule 702 states "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill,

---

[2] Defendants apparently served upon Plaintiff's attorney on January 14, 1999 a Motion to Strike Affidavit of Ray Storment. Although Plaintiff did not respond to that motion, I prefer to address the merits of this motion in limine as opposed to denying the motion to strike on procedural grounds.

[3] The remainder of Mr. Storment's affidavit refers to the excessive incarceration claim which has since been dismissed.

experience, training, or education, may testify thereto in the form of an opinion or otherwise."
Plaintiff concedes that

> it takes no methodology to know that an inmate is entitled to be protected from other inmates; that a retarded person should be watched more carefully than other inmates; that a small person should be watched more carefully; that sex problems in a jail is a common occurrence and should be carefully monitored; that a jail has some duty to question why a retarded person is left for over two years in the jail or even be inquisitive about the [sic] what the state hospital found when he was returned. Those matters are something that any person having minimal experience in law enforcement would know that should not be allowed to occur.

Br. in Opp'n of Mot. to Strike Ray Storment as Expert Witness at 7 *(Doc. 121)*. I believe that even lay persons would know that small, mentally retarded persons need extra protection from sexual abuse in a jail setting. That being so, it is difficult to surmise what, if any, specialized knowledge Mr. Storment would be able to provide to assist the jury. Mr. Storment admits in his deposition that he has never been qualified previously to testify as an expert in any court proceeding. *See* Ex. B, Dep. of Ray Storment at 109 (attached to Br. in Supp. of Mot. to Strike Ray Storment). Moreover, although Mr. Storment has a college degree in police science, he has only had "a minimal amount of formal training in corrections and jail operations." *Id.* at 7 and 9. Without relevant scientific, technical, or other specialized knowledge, Mr. Storment cannot qualify as an expert witness under Rule 702. Accordingly, I find that Defendants' motion to exclude Mr. Storment's expert testimony is well taken and should, likewise, be granted.

Wherefore,

IT IS ORDERED that Defendants' Motion in Limine to Exclude Testimony of Louis Wynne, Ph.D. *(Doc. 114)* is **granted** and that the expert testimony of Dr. Wynne is excluded from trial.

IT IS ALSO ORDERED that Defendants' Motion in Limine to Exclude Testimony of Ray Storment *(Doc. 118)* is **granted** and that the expert testimony of Mr. Storment is excluded from trial.

DATED this 21st day of January, 2000.

```
                                    _____
                                    CHIEF UNITED STATES DISTRICT JUDGE
```

| | |
|---|---|
| Counsel for Plaintiff: | Dick A. Blenden<br>Blenden Law Firm<br>Carlsbad, New Mexico |
| | Jeffrey B. Diamond<br>Carlsbad, New Mexico |
| Counsel for Defendants: | Carl J. Butkus<br>Michael S. Jahner<br>Butkus & Reimer, P. C.<br>Albuquerque, New Mexico |
| | Ronald J. Childress<br>Klecan, Childress & Huling<br>Albuquerque, New Mexico |