IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL T. NEWELL, Guardian Ad Litem
of TOMMY SLAUGHTER,

      Plaintiff,

    vs.                                                               No. CIV 97-0436 JC/LFG

LEA COUNTY BOARD OF COUNTY COMMISSIONERS,
FORREST BOSTICK, ADMINISTRATOR OF THE LEA
COUNTY JAIL, STATE OF NEW MEXICO DEPARTMENT
OF HEALTH, STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT, GLEN WILLIAMSON,
NELSON SPEARS, and ALEX VALDEZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants Lea County Board of County Commissioners and Forrest Bostick's (Defendants) Motion in Limine for Order Excluding and Prohibiting Plaintiff from Presenting Evidence of Time of Confinement or Arguing to the Jury that Time of Confinement is Evidence of Deliberate Indifference, filed March 7, 2000 *(Doc. 137)*.

As their basis for this motion, Defendants note that this Court has already held that the length of Tommy Slaughter's confinement is irrelevant to the remaining failure to protect claim. Order, filed Dec. 22, 1997 *(Doc. 41)*; Mem. Op. and Order at 9, filed Sept. 13, 1999 *(Doc. 72)*. Plaintiff concedes that he cannot indicate to the jury that the length of confinement in itself demonstrates deliberate indifference. Plaintiff, however, argues that the Court should rule at the trial on whether he may make fair comments about Defendants' opportunity to observe Slaughter and receive complaints he made. Plaintiff also argues that the Court should rule at trial on whether the length of

confinement coupled with the evidence of what occurred to Slaughter and Defendants' treatment of Slaughter amount to deliberate indifference.

As Defendants realize, Plaintiff should be allowed to give a perfunctory statement of historic fact including the length of Slaughter's confinement in the statement of the case to the jury. Such a statement should track the stipulated facts in the Pretrial Order. Further references to the length of confinement, however, are also appropriate. As Plaintiff correctly argues, opportunities to observe Slaughter and receive any complaints from him are relevant to the issue of failure to protect. In discussing these opportunities, time references will necessarily have to be made for contextual purposes. Such references will, therefore, be permissible at trial. Any other objectionable references to the length of confinement will be ruled upon at trial. As the parties have already agreed, Plaintiff cannot argue to the jury that the length of confinement constitutes deliberate indifference. Accordingly, I find that this motion in limine should be granted in part.

Wherefore,

IT IS ORDERED that Defendants' Motion in Limine for Order Excluding and Prohibiting Plaintiff from Presenting Evidence of Time of Confinement or Arguing to the Jury that Time of Confinement is Evidence of Deliberate Indifference *(Doc. 137)* is granted in part as follows:

1.  Plaintiff can include in his statement of the case to the jury the historic fact of the length of Slaughter's confinement as tracked in the stipulated facts of the Pretrial Order;

2.  Plaintiff in presenting his evidence can refer to time references within which Defendants had opportunities to observe Slaughter and receive complaints from him;

3.  The Court will rule on any other objectionable references to the length of confinement at trial; and

4. Plaintiff shall be prohibited from arguing to the jury that the length of confinement constitutes in itself deliberate indifference.

DATED this 18th day of April, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Dick A. Blenden<br>Blenden Law Firm<br>Carlsbad, New Mexico |
| | Jeffrey B. Diamond<br>Carlsbad, New Mexico |
| Counsel for Defendants: | Carl J. Butkus<br>Michael S. Jahner<br>Butkus & Reimer, P. C.<br>Albuquerque, New Mexico |
| | Ronald J. Childress<br>Klecan, Childress & Huling<br>Albuquerque, New Mexico |