# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHAEL T. NEWELL, Guardian Ad Litem
of TOMMY SLAUGHTER,

      Plaintiff,

vs.                                                   No. CIV 97-0436 JC/LFG

LEA COUNTY BOARD OF COUNTY COMMISSIONERS,
FORREST BOSTICK, ADMINISTRATOR OF THE LEA
COUNTY JAIL, STATE OF NEW MEXICO DEPARTMENT
OF HEALTH, STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT, GLEN WILLIAMSON,
NELSON SPEARS, and ALEX VALDEZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants Lea County Board of County Commissioners and Forrest Bostick's (Defendants) Motion in Limine to Exclude Anonymous Note from Evidence, filed March 7, 2000 *(Doc. 139)*. Defendants move the Court to exclude from evidence an anonymous note on the grounds that it is hearsay to which no exception applies, lacks foundation, and cannot be authenticated. Plaintiff argues that this note is an exception to the hearsay rule under FED. R. EVID. 803(6) (business records), FED. R. EVID. 803(1) (present sense impression), FED. R. EVID. 803(2) (excited utterance), and FED. R. EVID. 807 (catchall exception).

A. Rule 803(6) (Business Records)

"The business records exception is based on a presumption of accuracy, accorded because the information is part of a regularly conducted activity, kept by those trained in the habits of precision, and customarily checked for correctness, and because of the accuracy demanded in the conduct of the nation's business." *United States v. Snyder*, 787 F.2d 1429, 1433-34 (10th Cir.), *cert. denied*,

479 U.S. 836 (1986) (citations omitted). "The reason underlying the business records exception fails, however, 'if any of the participants is outside the pattern of regularity of activity.'" *Id.* at 1434 (citations omitted). Such outside participants include third parties who are mere bystanders. *Id.* These bystanders are "obviously not acting in the regular course of business" and so their statement "cannot be given the presumption of reliability and regularity accorded a business records exception." *Id.* "To allow the introduction of their statements would impermissibly insulate them from the test of cross-examination, and would distort the plain purpose of the business records exception." *Id.*

In this case, the anonymous note was presumably written by an inmate who observed an event involving Tommy Slaughter and another inmate. The author of the anonymous note was clearly a bystander and not acting in the regular course of business when he wrote the note. *See id.* at 1433-34 (inmate statement to guard does not come under business records exception to hearsay rule). Consequently, I find that the business records exception does not apply to the anonymous note produced in this case.

B. Rule 803(1) (Present Sense Impression) and Rule 803(2) (Excited Utterance)

Both Rules 803(1) and 803(2) require "that the declarant personally perceived the event or condition about which the statement is made" and meet temporal limitations. *United States v. Mitchell*, 145 F.3d 572, 576 (3rd Cir. 1998) (citations omitted). To demonstrate personal perception, a party may rely on circumstantial evidence but that evidence "'must not be so scanty as to forfeit the "guarantees of trustworthiness" which form the hallmark of all exceptions to the hearsay rule.'" *Id.* (quoting *Miller v. Keating*, 754 F.2d 507, 511 (3rd Cir. 1985)). "'A party seeking to introduce [an anonymous statement] carries a burden heavier than where the declarant is identified to demonstrate the statement's circumstantial trustworthiness.'" *Id.* (quoting *Miller*, 754 F.2d at 510). That party must show circumstances from which a court could infer by a preponderance of

the evidence that the declarant saw the event he or she describes. *Id.* at 577 (quoting *Miller*, 754 F.2d at 511). Here, the anonymous note and the circumstances of the case do not indicate that it was more likely than not that the author actually saw the event he described. It is just as likely that the author repeated what someone else had said. Thus, the requirement of personal perception necessary to apply both Rules 803(1) and 803(2) is not satisfied.

Even if one could conclude that the personal perception requirement was met, Plaintiff must still show that the note meets the temporal limitations requirement. The temporal limitation of Rule 803(1) requires that the declaration and the described event be contemporaneous, while Rule 803(2) requires that a statement be made before the declarant has had time to reflect and fabricate that statement. *Id.* at 576 (citations omitted). The anonymous note in this case merely states that the described event occurred "Last Nite." Exhibit A (attached to Brief in Support of Motion in Limine to Exclude Anonymous Note from Evidence, filed March 7, 2000 *(Doc. 140))*. Clearly, the anonymous note was not made contemporaneously with the occurrence of the described event. Moreover, "given the total lack of information regarding the circumstances of the note's creation, [the court cannot] reasonably find that there was no time to fabricate the statement." *Mitchell*, 145 F.3d at 577. Accordingly, I conclude that Plaintiff has not met either the personal perception or temporal limitation requirements to apply Rules 803(1) and 803(2).

C. Rule 807 (Catchall Exception)

Rule 807 is to be used very rarely and only in exceptional circumstances where there are guarantees of trustworthiness equivalent to the exceptions to the hearsay rule. *Id.* at 578 (citations omitted). To demonstrate guarantees of trustworthiness, one cannot, however, rely on corroborating evidence. *Id.* at 578-79. "'[T]he use of corroborating evidence to support a hearsay statement's "particularized guarantees of trustworthiness" would permit admission of a presumptively unreliable

statement by bootstrapping on the trustworthiness of other evidence at trial.'" *Id.* (quoting *Idaho v. Wright*, 497 U.S. 805, 823 (1990)). The underlying theory for supporting the admissibility of a hearsay statement is "that 'the declarant's truthfulness is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility.'" *Id.* (quoting *Wright*, 497 U.S. at 820).

In this case, there is no evidence to indicate whether the author of the note saw the event he described or was passing along a mere unsubstantiated rumor. Plaintiff simply has failed to show that the circumstances surrounding the creation of the anonymous note possess sufficient guarantees of trustworthiness to allow it to be admitted into evidence. In other words, Plaintiff has failed to meet his burden of showing that cross-examination of the author of the note would have marginal utility to Defendants. *Accord id.* at 579 (anonymous note failed to meet Rule 807). For these reasons, I find that Plaintiff has failed to meet the trustworthiness requirement of Rule 807. Since Plaintiff has not met any of the hearsay exceptions, I further find that the anonymous note should be excluded from evidence.

Wherefore,

IT IS ORDERED that Defendants' Motion in Limine to Exclude Anonymous Note from Evidence *(Doc. 139)* is granted and that the anonymous note shall be excluded from evidence.

DATED this 18th day of April, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**