# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHAEL T. NEWELL, Guardian Ad Litem
of TOMMY SLAUGHTER,

      Plaintiff,

    vs.                                                                       No. CIV 97-0436 JC/LFG

LEA COUNTY BOARD OF COUNTY COMMISSIONERS,
FORREST BOSTICK, ADMINISTRATOR OF THE LEA
COUNTY JAIL, STATE OF NEW MEXICO DEPARTMENT
OF HEALTH, STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT, GLEN WILLIAMSON,
NELSON SPEARS, and ALEX VALDEZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants Lea County Board of County Commissioners and Forrest Bostick's (Defendants) Motion in Limine to Exclude Testimony of Raiman Johnson, Ph.D., in Whole or in Part, and to Strike Evaluation Report of Raiman Johnson, Ph.D. Dated October 23, 1996, in Whole or in Part, filed March 7, 2000 *(Doc. 141)*. This motion is based on the premise that Dr. Johnson's 1996 report and testimony would consist of expert opinion on the issues of liability and damages. The Pretrial Order simply states that Dr. Johnson will testify as to his 1996 examination of Tommy Slaughter, Slaughter's psychological problems, injury to Slaughter, and the effects of Slaughter being in jail. Pretrial Order at 8, filed Jan. 28, 2000 *(Doc. 131)*.

Having reviewed Dr. Johnson's 1996 report and relevant portions of his deposition, I find that Dr. Johnson can testify as a fact witness with respect to his 1996 report and examination of Slaughter.

Any hearsay statements made in the 1996 report will be admissible under FED. R. EVID. 803(4) as statements made for the purpose of medical diagnosis. Dr. Johnson, however, cannot testify as an expert on issues of liability and damages.

Any proposed expert testimony by Dr. Johnson on the issues of liability and damages would be based on mere speculation or guesswork. *See Mitchell v. Gencorp, Inc.*, 165 F.2d 778, 781 (10th Cir. 1999) (quoting *Allen v. Pennsylvania Engineering Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)). For example, Dr. Johnson did not attempt to determine whether Slaughter had more significant symptoms of post-traumatic stress disorder (PTSD) in 1996 at the end of his incarceration than he did in 1994 when he was first incarcerated. Defendant's Exhibit B at 18 (attached to Brief in Support of Motion in Limine to Exclude Testimony of Raiman Johnson, Ph.D., in Whole or in Part, and to Strike Evaluation Report of Raiman Johnson, Ph.D. Dated October 23, 1996, in Whole or in Part, filed March 7, 2000 *(Doc. 142)*). Dr. Johnson also did not know the severity of the PTSD prior to Slaughter's incarceration and did not explore the possibility of a delayed onset of PTSD. *Id*. at 19. Moreover, although Dr. Johnson suggests that comparing a report by Dr. Parsons with his own 1996 report would probably provide some indication as to the degree of the severity of the PTSD prior to Slaughter's incarceration, Dr. Johnson testified that he would be uncomfortable doing such a comparison. *Id*. at 21. Additionally, Dr. Johnson admits that he was not provided any documentation prior to his evaluation of Slaughter and that his report did not necessarily compare Slaughter's pre- and post-incarceration cognitive functioning. *Id*. at 14, 25-26. Dr. Johnson even admits that he is not a qualified institutional psychologist or expert. *Id*. at 38-39. For all of the above reasons, Defendants' motion in limine shall be granted only in part.

Wherefore,

IT IS ORDERED that Defendants' Motion in Limine to Exclude Testimony of Raiman Johnson, Ph.D., in Whole or in Part, and to Strike Evaluation Report of Raiman Johnson, Ph.D. Dated October 23, 1996, in Whole or in Part *(Doc. 141)* is granted in part as follows:

1. Dr. Johnson may testify regarding his 1996 report and examination of Slaughter as a fact witness;

2. Any hearsay statements in the 1996 report will be permitted as statements made for the purpose of making a medical diagnosis; and

3. Dr. Johnson shall not be allowed to testify as an expert with respect to liability and damages issues.

DATED this 18th day of April, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**