IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL T. NEWELL, Guardian Ad Litem
of TOMMY SLAUGHTER,

      Plaintiff,

      vs.                                                      No. CIV 97-0436 JC/LFG

LEA COUNTY BOARD OF COUNTY COMMISSIONERS,
FORREST BOSTICK, ADMINISTRATOR OF THE LEA
COUNTY JAIL, STATE OF NEW MEXICO DEPARTMENT
OF HEALTH, STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT, GLEN WILLIAMSON,
NELSON SPEARS, and ALEX VALDEZ,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Defendants Lea County Board of County Commissioners and Forrest Bostick's (Defendants) Motion in Limine to Exclude 1989 "Report of the Lea County Grand Jury on Lea County Jails," filed March 7, 2000 *(Doc. 143)*. Defendants assert that the Grand Jury Report is 1) not relevant under FED. R. EVID. 401, 2) highly prejudicial under FED. R. EVID. 403 even if probative, and 3) inadmissible under FED. R. EVID. 404(b) (prior bad acts). In the alternative, Defendants ask that if the Grand Jury Report is admissible, references to corrections facilities other than the adult Lea County jail should be redacted or stricken.[1]

---

[1] Plaintiff attempts to argue that the Grand Jury's report on the Lea County juvenile jail subsumes the adult jail, the jail at issue in this case, because they are both housed in the same building and shared administrative staff. This is an untenable argument since the Grand Jury Report treats each jail separately.

A. Relevancy

The Court notes that the Grand Jury Report was made five years before Tommy Slaughter was incarcerated at the Lea County jail and reflects the shortcomings of a jail administrator other than Forrest Bostick, the jail administrator defendant in this case. Although Bostick was apparently a jail guard during the time the Grand Jury investigated the Lea County jail, there is no tangible link between the conditions described in 1989 at the Lea County jail and the conditions of confinement which Slaughter alleged were present beginning in 1994. Moreover, the general nonspecific description of physical assaults at the jail in 1989 does not have a tendency to make more or less probable Plaintiff's assertion that these particular Defendants failed to protect Slaughter from harm while he was incarcerated at the Lea County jail. I fail to see the relevancy of the Grand Jury Report to this particular case. For these reasons, I find that the Grand Jury Report is not admissible under Rules 401 and 402. Accordingly, I further find that Rule 403 is not applicable.

B. Rule 404(b) (Prior Bad Acts)

The Tenth Circuit in *United States v. Joe*, 8 F.3d 1488, 1495 (10th Cir. 1993), *cert. denied*, 510 U.S. 1184 (1994) held that

> Four general requirements emanating from Rule 404(b) and other relevancy rules must be met before evidence of prior acts will be admissible: (1) the evidence must be offered for a proper purpose under Rule 404(b); (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination that the probative value of the similar acts evidence is not substantially outweighed by its potential for unfair prejudice; and (4) under Rule 105, the trial court must, upon request, instruct the jury that the evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

As already discussed, the Grand Jury Report is not relevant and so cannot meet the second requirement for admission of prior bad acts under Rule 404(b). Consequently, the Grand Jury Report

is not admissible under Rule 404(b). In sum, I find that this motion in limine is well taken and should be granted.

Wherefore,

IT IS ORDERED that Defendants' Motion in Limine to Exclude 1989 "Report of the Lea County Grand Jury on Lea County Jails" *(Doc. 143)* is granted and that the 1989 Grand Jury Report shall be excluded from evidence.

DATED this 18th day of April, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**