IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL T. NEWELL, Guardian Ad Litem
of TOMMY SLAUGHTER,

      Plaintiff,

vs.                                                                      No. CIV 97-0436 JC/LFG

LEA COUNTY BOARD OF COUNTY COMMISSIONERS,
FORREST BOSTICK, ADMINISTRATOR OF THE LEA
COUNTY JAIL, STATE OF NEW MEXICO DEPARTMENT
OF HEALTH, STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT, GLEN WILLIAMSON,
NELSON SPEARS, and ALEX VALDEZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants Lea County Board of County Commissioners and Forrest Bostick's (Defendants) Motion in Limine to Strike Plaintiff's Prayer for Punitive Damages, filed March 7, 2000 *(Doc. 135)*. Defendants argue that Plaintiff's request for punitive damages is frivolous because he ignored *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

A.     Background

What remains of this case is a 42 U.S.C. § 1983 claim for failure to protect an inmate. This claim is asserted against the Lea County Board of County Commissioners and the jail administrator, Forrest Bostick. The caption in the Complaint for Damages for Violations of Civil and Constitutional Rights and Negligence (Complaint) names as defendants the Lea County Board of County Commissioners along with Bostick and the jail administrator. Nowhere does the Complaint state whether Bostick is being sued in his individual or official capacity. The Complaint, however, states that Defendants acted within the course and scope of their employment and under color of state law.

Complaint at ¶ 11, filed April 2, 1997 *(Doc. 1)*. The Complaint also states that Bostick "as Administrator of the jail" violated Tommy Slaughter's civil rights. *Id*. at ¶ 19. Plaintiff then asks in his prayer for relief that a judgment be awarded against Lea County for compensatory as well as exemplary damages. *Id*. at pg. 7. The Pretrial Order in this case simply states that Bostick was the jail administrator and that Defendants acted under color of state law. Pretrial Order at 2, 4, filed Jan. 28, 2000 *(Doc. 131)*.

B.  Discussion

*City of Newport* precludes an award of punitive damages against a governmental entity on 42 U.S.C. § 1983 claims. Individual defendants sued in their official capacities are likewise immune from punitive damages in § 1983 cases. *Harris v. Board of Public Utilities of City of Kansas City, Kan.*, 757 F. Supp. 1185, 1195 (D. Kan. 1991). Defendants contend that Bostick was effectively sued only in his official capacity. Consequently, Defendants argue that the Board of County Commissioners as well as Bostick are immune from punitive damages under *City of Newport*. Plaintiff, on the other hand, argues essentially that Bostick was also sued in his personal capacity and that NMSA 1978, § 41-4-1(C) (1976), dictates that Lea County shall pay any award for punitive damages awarded against a public employee in federal court if the public employee was acting in the scope of his duty.

(1)  Punitive Damages Against Bostick

For Bostick to be liable for punitive damages, he must be sued in his personal capacity.[1] *Smith v. Wade*, 461 U.S. 30, 35 (1983). The issue here is whether Bostick was sued in his personal capacity. "[W]here the complaint fails to specify the capacity in which the government official is

---

[1] Individual defendants sued in their personal capacity may be liable for punitive damages if their conduct "is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983).

sued, we look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability." *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993) (citations omitted). Although the caption may be informative, it is not dispositive in discerning whether a defendant is being sued in his or her personal or official capacity. *Id*. Factors indicative of suit in a personal capacity include suing for punitive damages and raising the defense of qualified immunity. *Id*.

In this case, the caption names Bostick and the jail administrator separately. This could be construed as indicating that Bostick is being sued in a personal capacity apart from his official role as jail administrator. Although the Complaint alleges at ¶ 11 that Defendants acted within the scope of their employment thereby implicating a suit in their official capacities,[2] the Complaint also states that Defendants acted under the color of state law. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citation omitted). Paragraph 11, therefore, appears to be alleging a suit for both official and personal liability. The Pretrial Order likewise mirrors ¶ 11 by asserting that Bostick was acting under color of state law and so is also indicative of a suit for personal liability.

The Court further notes that even if Plaintiff is suing Bostick as jail administrator, such a designation "'confuses the capacity in which a defendant is sued with the capacity in which the defendant was acting when the alleged deprivation of rights occurred. The former need not coincide with the latter.'" *Pride*, 997 F.2d at 716 n.2 (quoting *Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1990), *cert. denied*, 502 U.S. 967 (1991)). Moreover, if one liberally construes the

---

[2] *See Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989) (personal capacity suits involve actions taken outside the scope of official duties).

-3-

Complaint, one could find that the prayer for relief for punitive damages although directed only to Lea County implicitly included Bostick because there is no specific prayer for relief directed at Bostick. Such a request for punitive damages against Bostick is also indicative of personal liability. Finally, the Court notes that Bostick raised the issue of qualified immunity. *See* Mem. Op. and Order at 4 (discussion of Bostick's qualified immunity defense), filed June 15, 1999 *(Doc. 83)*. Such an action demonstrates that Bostick believed he was sued in his individual capacity. All of the above factors lead me to conclude that Bostick was sued both in his personal and official capacities. Consequently, Bostick may be liable for punitive damages in his personal capacity.

(2) Lea County's Liability for Punitive Damages

Plaintiff argues that Lea County is also liable for punitive damages under NMSA 1978, § 41-4-4(C). Section 41-4-4(C) clearly states that a governmental entity such as Lea County shall pay any award for punitive damages awarded against a public employee like Bostick if he was acting within the scope of his duty, i.e., in his official capacity. This provision appears to waive any immunity that Lea County would have otherwise had under *City of Newport* against punitive damages resulting from official conduct. Accordingly, I can only find that Lea County shall pay for any punitive damages awarded against Bostick in his official capacity. In sum, I find that Defendants' motion in limine to strike the prayer for punitive damages is not well taken and will be denied.

Wherefore,

IT IS ORDERED that Defendants' Motion in Limine to Strike Plaintiff's Prayer for Punitive Damages, filed March 7, 2000 *(Doc. 135)*, is **denied**.

DATED this 20th day of April, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**